IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRENDA M. BURKE,
   *Plaintiff*,

v.

ANNE ARUNDEL MEDICAL CENTER
   *Defendant*.

Civil Action No. ELH-14-3019

**MEMORANDUM**

Brenda M. Burke, the self-represented plaintiff, has sued her former employer, Anne Arundel Medical Center ("AAMC"), defendant, alleging employment discrimination based on race, in violation of Title VII of the Civil Rights Act of 1964, codified as amended at 42 U.S.C. § 2000e *et seq*. *See* ECF 1 ("Complaint"). Several exhibits are appended to the Complaint.

In particular, plaintiff alleges that she worked as an "EKG/Echo Tech" in AAMC's Cardiology Department for nearly eight years. *Id.* at 2.[1] She was terminated on November 29, 2012, after she was "involved in a prank" on November 12, 2012. The prank involved Burke hiding in a body bag in order to frighten a co-worker tasked with moving the body from the hospital's emergency room. *Id.* at 2-3. Plaintiff, who is Caucasian, complains that she was the only one out of six involved who was terminated.

Significantly, plaintiff does not allege that the employees who retained their jobs were of a different race than plaintiff.

Nonetheless, based on these facts, she seems to lodge claims of racial discrimination, in violation of Title VII. *Id.* at 2; 4-5.

---

[1] I have cited to electronic page numbers.

In November 2014, AAMC filed a motion to dismiss or, in the alternative, a motion for summary judgment (ECF 6, "Motion"), which is pending. The Motion is supported by several exhibits (ECF 6-2 through ECF 6-12), as well as a legal memorandum (ECF 6-1, "Memo."). Notice of the Motion was sent to plaintiff pursuant to the dictates of *Roseboro v. Garrison*, 528 F. 2d 309, 310 (4th Cir. 1975). *See* ECF 7.

On December 19, 2014, plaintiff asked the Court to appoint a lawyer for her. ECF 9. By Order dated April 2, 2015 (ECF 10), I denied plaintiff's request for appointment of counsel. However, I granted plaintiff twenty-one days in which to file a response to AAMC's Motion. Plaintiff did not file a response, and the time to do so has long expired.

For the reasons that follow, I will construe the Motion as a motion to dismiss. Therefore, I construe the facts in the light most favorable to plaintiff. *See, e.g.*, *Laber v. Harvey*, 438 F.3d 404, 415 (4th Cir. 2006) (en banc). Nonetheless, I will grant the Motion.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the adequacy of a complaint. To survive a Rule 12(b)(6) motion, a complaint must satisfy the pleading standard articulated in Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 & n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted); *see Painter's Mill Grille, LLC v. Brown,* 716 F.3d 342, 350 (4th Cir. 2013).

To defeat a motion under Rule 12(b)(6), a complaint "must plead facts sufficient to show that [the] claim has substantive plausibility." *Johnson v. City of Shelby*, *Miss.*, —— U.S. ——,

2

135 S. Ct. 346, 347 (2014); *see Iqbal,* 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions'. . . .") (citation omitted); *Twombly,* 550 U.S. at 570; *see also Epps v. JP Morgan Chase Bank, N.A.*, 675 F.3d 315, 320 (4th Cir. 2012); *Simmons v. United Mortg. & Loan Inv.*, *LLC*, 634 F.3d 754, 768 (4th Cir. 2011). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that "'the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Kendall v. Balcerzak,* 650 F.3d 515, 522 (4th Cir.2011), *cert. denied*, —— U.S. ——, 132 S.Ct. 402 (2011). The complaint must contain sufficient factual detail to "nudge[ ] [the plaintiff's] claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570; *accord Iqbal,* 556 U.S. at 680.

Dismissal "is inappropriate unless, accepting as true the well-pled facts in the complaint and viewing them in the light most favorable to the plaintiff, the plaintiff is unable to 'state a claim to relief . . . .'" *Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011) (citation omitted). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Nor must it accept legal conclusions couched as factual allegations, *Iqbal*, 556 U.S. at 678, or legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Monroe v. City of Charlottesville*, 579 F.3d 380, 385–86 (4th Cir. 2009), *cert. denied,* 559 U.S. 992 (2010).

When a plaintiff fails to oppose a motion to dismiss, a district court is "entitled, as

authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted [in the motion]." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004); *see also Ferdinand–Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) ("By her failure to respond to [defendant's] argument" raised in a motion to dismiss, "the plaintiff abandons [her] claim.") (Citation omitted); *Mentch v. Eastern Sav. Bank*, *FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) (holding that failure to address defendant's arguments for summary judgment in opposition brief constituted abandonment of claim). Moreover, a district court has "the inherent authority . . . to dismiss a lawsuit sua sponte for failure to prosecute . . ." *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007) (citation omitted); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). On the other hand, a plaintiff's failure to oppose a motion to dismiss is no guarantee of victory for the defendant, because the district court also has discretion to decline to "grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit." *United States v. Sasscer*, No. Y–97–3026, 2000 WL 1479154, at *2 n.6 (D. Md. Aug. 25, 2000) (citation omitted).

Urging dismissal of the discrimination claim, defendant argues that plaintiff cannot establish a prima facie case of racial discrimination. ECF 6-1 at 7-8, Memo.[2]

Under Title VII, "a plaintiff can prove disparate treatment either (1) by direct evidence that a workplace policy, practice, or decision relies expressly on a protected characteristic, or (2) by using the burden-shifting framework set forth in *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792 (1973).]" *Young v. United Parcel Serv., Inc.*, —— U.S. ——, 135 S. Ct. 1338, 1345 (2015). Here, there is no allegation of direct evidence of discrimination.

---

[2] In its Memorandum, AAMC contends, *inter alia*, that, contrary to plaintiff's allegations, Burke was not the only employee terminated as a result of the prank. ECF 6-1 at 2. According to defendant, plaintiff is one of two employees terminated as a result of the incident.

In the absence of a claim of direct evidence, the *McDonnell Douglas* framework applies. The precise formulation of the required prima facie showing will vary in "differing factual situations." *McDonnell Douglas Corp.*, 411 U.S. at 802 n.13. But, the plaintiff in an employment discrimination suit is generally required to show that the employer took adverse action against the plaintiff "under circumstances which give rise to an inference of unlawful discrimination." *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *see Young*, 135 S. Ct. at 1345. Significantly, plaintiff does not allege in her Complaint that she was of a different race than those four employees who were not discharged, despite their involvement in the prank.³ As a result, plaintiff does not allege circumstances surrounding her termination that give rise to an inference of unlawful racial discrimination.

Defendant also seeks dismissal of plaintiff's retaliation claim. The purpose of Title VII's antiretaliation provision is to preserve "unfettered access to statutory remedial mechanisms" for employees who fear reprisal. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997). Thus, an employer violates Title VII by taking an adverse employment action against an employee because that employee exercised his rights under Title VII. In order to establish a prima facie claim of retaliation under Title VII, a plaintiff must demonstrate that (1) she engaged in a protected activity; (2) the employer took an adverse action against the plaintiff; and (3) the protected activity was a "'but-for' cause of her termination and not simply a 'motivating factor.'" *Walker v. Mod-U-Kraf Homes, LLC*, 775 F.3d 202, 210 (4th Cir. 2014) (citation omitted); *see Boyer-Liberto v. Fontainebleau Corp.*, —— F.3d at ——, No. 13-1473, slip op. at 11, 36, 37 n.5

---

³ Defendant contends that Terri Price and Brandon Bonner, the two co-workers identified by plaintiff in the Complaint as those who also should have been terminated, ECF 1 at 2, are also white. ECF 6-1 at 1-2, Memo. Defendant supplies no supporting documentation to establish their races. But, plaintiff does not refute that Price and Bonner are white.

(4th Cir. May 7, 2015) (en banc); *Okoli v. City of Baltimore*, 648 F.3d 216, 223 (4th Cir. 2011); *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 188 (4th Cir. 2004); *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004).

The basis for plaintiff's retaliation claim is unclear from the Complaint. Defendant looks to the administrative charge that Burke allegedly filed with the Equal Employment Opportunity Commission ("EEOC"), and surmises that plaintiff's theory of liability is based on Burke's observation five years prior to her termination in 2008 that "African-American co-workers received promotions or better hours than she did."[4]

ECF 6-1 at 2, Memo. Several years later, "*after* [Burke] was caught posing as a deceased patient and terrifying a co-worker, she sent an e-mail expressing her concern about work hours with regard to 'seniority.'" *Id.* at 2-3 (emphasis in Memo.). Defendant insists these allegations cannot establish a prima face case for retaliation because complaining about seniority is not a protected activity. *Id.* at 11-12.

The Fourth Circuit has stated that, "in the context of a retaliation claim, a 'protected activity' may fall into two categories, opposition and participation." *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005), *cert. denied*, 547 U.S. 1041 (2006). Activities that constitute participation include making a charge, testifying, or participating in any manner in an investigation, proceeding or hearing under Title VII. *See* 42 U.S.C.A. § 2000e-3(a); *Laughlin v. Metropolitan Washington Airports Authority*, 149 F.3d 253, 259 (4th Cir. 1998).

"To fall under the protection of the opposition clause . . . behavior need not rise to the level of formal charges of discrimination. The opposition clause has been held to encompass

---

[4] In its Motion, defendant refers to an administrative charge filed by Burke with the EEOC. No such charge filed with the EEOC is a part of the record in this case. However, as an exhibit to the Motion, defendant did submit a "Charge of Discrimination" filed by Burke on August 20, 2013, with the Maryland Commission of Civil Rights. ECF 6-11.

informal protests, such as voicing complaints to employers or using an employer's grievance procedures." *Armstrong v. Index Journal Co.*, 647 F.2d 441, 448 (4th Cir. 1981) (citations omitted). Put another way, "[a] protected activity is one in which the employee opposes an employment practice on the ground that it violates Title VII." *Johnson v. Giant Food, Inc.*, No. JFM-00-3465, 2000 WL 1831962, *6 (D. Md. Nov. 27, 2000), *aff'd sub nom. Muhammad v. Giant Food Inc.*, 108 F. App'x 757 (4th Cir. 2004); *see Laughlin*, 149 F.3d at 259; *Simmons v. Shalala*, 946 F. Supp. 415, 420 (D. Md. 1996), *aff'd*, 112 F.3d 510 (4th Cir. 1997). The Fourth Circuit has also recently explained: "[A]n employee is protected when she opposes not only . . . employment actions actually unlawful under Title VII but also employment actions [she] reasonably believes to be unlawful." *Boyer-Liberto*, No. 13-1473, slip op. at 37 (internal quotations omitted and alteration in *Boyer-Liberto*). According to AAMC, "[n]owhere in her lawsuit does Plaintiff allege that she engaged in protected activity." ECF 6-1 at 10, Memo. Nor, in defendant's view, does Burke establish a "causal connection between her 2008 'observations' and her termination five years later." *Id.* at 11.

In my view, the Complaint is deficient for the reasons discussed above. Moreover, plaintiff has failed to respond to defendant's arguments, notwithstanding that the Motion was filed on November 11, 2014. Therefore, I will grant AAMC's Motion (ECF 6) and dismiss the Complaint, without prejudice.

Pursuant to Fed. R. Civ. P. 59(e), plaintiff may file, within seventeen (17) days from the date of docketing of this Order, a motion for reconsideration of this Order granting AAMC's Motion. In the event that plaintiff chooses to file a motion for reconsideration, plaintiff shall file, along with such motion, a response in opposition to AAMC's Motion.

7

A separate Order follows, consistent with this Memorandum.


Date: May 8, 2015                                         /s/
                                                         Ellen L. Hollander
                                                         United States District Judge